# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN ROBERTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF WICHITA, WICHITA, KANSAS, ) <br> JEFFREY MCVAY, and STEVEN MOLDE, ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br> <br> No. 10-01292-MLB |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants City of Wichita, Wichita, Kansas, Jeffrey McVay, and Steven Molde's motion to dismiss plaintiff Justin Roberts' amended complaint. (Doc. 11). The motion has been fully briefed and is ripe for decision. (Docs. 12, 19).

Defendants claim that the court lacks personal jurisdiction over them because of insufficient service and service of process and move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5). Defendants also claim that Roberts' amended complaint fails to state a claim upon which relief may granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, defendants' motion is denied.

## I. BACKGROUND

On July 23, 2010, Roberts filed his petition in Sedgwick County District Court. On August 18, copies of the petition for Officers McVay and Molde were left with Mary Peters, Clerk at Patrol West for the Wichita Police Department. A copy of the petition was also served

on Wichita City Manager "Robert Lawton" for the City of Wichita ("City"). No summonses were issued or served on any defendant.

On August 31, the case was removed to this court. Defendants filed motions to dismiss for insufficiency of service and service of process and failure to state a claim (Docs. 4, 6).[1] On October 13, Roberts filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Doc. 9).

On October 26, defendants filed a motion to dismiss Roberts' amended complaint for insufficient service and service of process because no summonses were issued by the court and served on defendants. On October 28, the court issued summons for each defendant which were personally served on November 8.

## II. ANALYSIS

### Service of Process

Defendants claim that they were not properly served Roberts' petition because service was made on people who were not authorized to accept service on behalf of defendants in accordance with Kansas law. Defendants also claim that they were not served summonses with plaintiff's petition.

Subsequent to defendants' motions to dismiss Robert's initial petition, Roberts amended his petition. On October 26, defendants moved to dismiss his amended complaint for insufficient service and service of process because no summonses were issued by the court and served on defendants.

---

[1] Because Roberts filed an amended complaint and properly served defendants, see infra, defendants' initial motions to dismiss Roberts' petition for insufficient service and service of process are moot.

-2-

Two days later, the court issued summonses for each defendant. On November 8, each defendant was personally served with summons.

The court finds that Roberts has shown sufficient service and service of process. Defendants do not allege that they were not properly served the amended complaint, just the summonses. After defendants filed their motion to dismiss, the court issued summonses and Roberts personally served each defendant. Any defect regarding service of the summonses has been cured. Defendants do not allege otherwise as they have filed no reply. Therefore, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2), (4), and (5) is denied.

## Failure to State a Claim

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**Count One**

In Count One, Roberts alleges that Officers McVay and Molde used excessive force that violated his Fourth Amendment right under 42 U.S.C. § 1983. Defendants' motion to dismiss does not address plaintiff's § 1983 claim.

The court finds that Roberts has pleaded sufficient facts such that a § 1983 claim of excessive force against Officers McVay and Molde is plausible. Therefore, defendants' motion to dismiss Count one of Roberts' amended complaint is denied.

**Count Two**

Roberts alleges that Officers McVay and Molde assaulted Roberts and used excessive force during his arrest. It appears as though Roberts is asserting a state claim for negligence against these two Officers.

In their motion to dismiss, defendants claim that Roberts cannot show that defendants City of Wichita, Mayor Brewer, or Chief Williams owed a duty to plaintiff under Kansas law. Mayor Brewer and Chief Williams are not identified as defendants in plaintiff's amended complaint and defendants do not specifically claim that Officers McVay and Molde did not owe Roberts a duty.

For negligence to exist, the defendant must owe a duty to an individual, there must be a breach of that duty, and a causal connection to the injuries sustained. Schmidt v. HTG, Inc., 265 Kan. 372, 382, 961 P.2d 677, 684 (1998). The general rule is that law enforcement officers owe a duty to the public at large as opposed to individuals. Mills v. City of Overland Park, 251 Kan. 434, 446, 837 P.2d 370, 378 (1992). However, "[t]he Kansas Supreme Court has held

that, although police officers generally are immune from liability on claims arising from performance of their general duties, liability does arise upon the breach of a special duty owed by an officer, such as where an affirmative act of the officer causes injury." Clark v. Thomas, 505 F. Supp. 2d 884, 890 (D. Kan. 2007) (citing Dauffenbach v. City of Wichita, 233 Kan. 1028, 1033, 667 P.2d 380, 385 (1983)). When an officer breaches a special duty owed to an individual, then he may be liable under Kansas tort law. Dauffenbach, 667 P.2d at 385. A special duty arises when an officer's affirmative act causes injury to an individual, e.g., "placing an individual under arrest or committing an assault." Id.

Roberts' allegations in Count Two are against Officers McVay and Molde. Roberts alleges that their assault and use of excessive force during his arrest was unreasonable and caused Roberts' injuries.

At this stage, the court must accept Roberts' well-pleaded facts as true. Roberts has sufficiently alleged enough facts such that the court can find a plausible negligence claim against Officers McVay and Molde. Officers McVay and Molde owed Roberts a special duty during his arrest and the use of excessive force during his arrest was a breach. Defendants do not challenge Roberts' allegations that their excessive force was the proximate cause of Roberts' injuries. Therefore, defendants' motion to dismiss Count Two of Roberts' amended complaint is denied.

**Count Three**

Roberts alleges that Officers McVay and Molde were acting within the scope of their employment as Wichita police officers for City. As such, City is liable for any damages awarded against Officers McVay

and Molde under Kansas Tort Claims Act, K.S.A. 75-6101, et seq.

Defendants claim that they are immune from Roberts' state claims under the "discretionary function exception" found in K.S.A. 75-6104(e), which states:

> (e) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved[.]

Contrary to defendants position, the discretionary function exception does not shield "'a law enforcement officer who uses an unreasonable amount of force or acts maliciously or wantonly'" during an arrest. Clark, 505 F. Supp. 2d at 894; Campbell v. City of Leavenworth, 28 Kan. App. 2d 120, 127, 13 P.3d 917, 922 (Kan. Ct. App. 2000) ("Discretionary immunity would not apply to an excessive force claim which is based on a negligence theory.").

Plaintiff's state-law negligence claim is based on allegations of excessive and unreasonable force. Plaintiff alleges that defendants acted "unreasonably maliciously and wantonly[.]" At this stage, the court must accept plaintiff's allegations as true. Therefore, Officers McVay and Molde are not immune from liability under the discretionary function exception and City may be liable for their actions. See K.S.A. 75-6103(a) ("Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."). Defendants' motion to dismiss Count Three is denied.

**III. CONCLUSION**

Defendants' motions to dismiss plaintiff's petition (Docs. 4, 6) are moot. Defendants' motion to dismiss plaintiff's amended complaint (Doc. 11) is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  3rd  day of February 2011, at Wichita, Kansas.

                                            s/ Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE